IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TAMMY J.,[1]<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[2]<br><br>　　　　Defendant. | Case No. 6:17-cv-01170-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

Plaintiff Tammy J. brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the Social Security Administration is the "Commissioner of Social Security[.]" 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name[.]" Fed. R. Civ. P. 17(d). I therefore refer to defendant only as Commissioner of Social Security.

Page 1 – OPINION AND ORDER

Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for an immediate award of benefits.

## BACKGROUND

In March 2013, plaintiff applied for DIB and SSI. She alleged disability beginning April 9, 1985, due to mild mental retardation and anxiety. Plaintiff's applications were denied initially and upon reconsideration. On February 11, 2016, plaintiff appeared at a hearing before an ALJ. On March 3, 2016, the ALJ issued a decision finding plaintiff not disabled. After the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date. Tr. 22; 20 C.F.R. § 404.1520(a)(4)(i), (b); *id.* § 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff suffers from the severe impairments of asthma, anxiety disorder, and intellectual disability. *See* 20 C.F.R. § 404.1520(a)(4)(ii), (c); *id.* § 416.920(a)(4)(ii), (c).

At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 23; 20 C.F.R. § 404.1520(a)(4)(iii), (d); *id.* § 416.920(a)(4)(iii), (d). In particular, the ALJ addressed Listing 12.05, which governs intellectual disorders. As relevant in this appeal, the ALJ found that plaintiff's "intellectual disability . . . does not satisfy the criteria of Listing 12.05 because there is insufficient evidence of . . . a valid verbal, performance, or full scale IQ of sixty through seventy and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Tr. 23.

> The ALJ found plaintiff retained the residual functional capacity ("RFC")
>
> to perform work that requires understanding and carrying out no more than simple instructions in a work environment with few workplace changes. The claimant must avoid even moderate exposure to fumes, odors, dusts, gases, and poorly ventilated areas. The claimant is able to perform this work at all exertional levels.

Page 3 – OPINION AND ORDER

Tr. 24; *see also* 20 C.F.R. § 404.1520(e); *id.* § 416.920(e).

At step four, the ALJ concluded plaintiff could perform her past work as a cleaner or housekeeper. 20 C.F.R. § 404.1520(a)(4)(iv), (f); *id.* § 416.920(a)(4)(iv). Accordingly, the ALJ found plaintiff not disabled and denied her applications for benefits.

## DISCUSSION

The Commissioner concedes that the ALJ harmfully erred and agrees that remand is required. The parties disagree, however, on the type of remand that is appropriate in this case. I conclude that remand for an immediate award of benefits is the correct course because the record conclusively establishes that, at the time of her hearing, plaintiff should have been found disabled at step three of the sequential evaluation.

At step three, the Commissioner "determines whether the [claimant's] impairment meet or equals a 'listed' impairment that the [Commissioner] has acknowledged to be so severe as to preclude substantial gainful activity." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). If the claimant meets or equals a listing at step three, she "is conclusively presumed disabled[.]" At the time of the ALJ's decision in this case,[3] the step three listing governing intellectual disability stated:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

---

[3] Effective January 17, 2017, the Commissioner made substantial revisions to the listings for evaluating mental disorders. 81 Fed. Reg. 66138 (Sept. 26, 2016). The revised listings do not apply in this appeal because "[f]ederal courts . . . review [the] final decisions [of the Commissioner] using the rules that were in effect" at the time the decision under review was issued. *Id.* at 66138 n.1.

Page 4 – OPINION AND ORDER

. . .

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. § 404, Subpt. P, App'x 1 (2015).

Here, a review of the record conclusively shows that plaintiff satisfies the criteria of Paragraph C of Listing 12.05. First, there is unambiguous evidence that plaintiff's intellectual disability manifested before age 22. Plaintiff was born March 25, 1972. She submitted school records from 1991 to 1993, during which time she was between 17 and 19 years old. At age 18 and in twelfth grade, the school district's Special Services Department assessed plaintiff's reading, math, and writing abilities. The Special Services Department found an expected level of functioning between fifth and sixth grade and an actual level of functioning between fourth and seventh grade. Tr. 306. The assessment classified her as "Mildly Mentally Retarded and in need of special education services." Tr. 307. Those same records show that plaintiff had both "significantly subaverage general intellectual functioning" and "deficits in adaptive functioning." 20 C.F.R. § 404, Subpt. P, App'x 1 (2015). Standardized test results from 1992 place plaintiff in the second percentile for reading comprehension and the twenty-fourth percentile for mathematics. Moreover, the Special Services Department assessment expressly states that the "Mildly Mentally Retarded" range refers to both intellectual and adaptive functioning. Tr. 307. Thus, plaintiff satisfies the criteria in the introductory paragraph of Listing 12.05.

Second, the record contains a valid full scale IQ between 60 and 70: specifically, Gregory Cole, Ph.D, assessed a full scale IQ of 67 in a November 2013 neuropsychological evaluation. The ALJ discussed Dr. Cole's evaluation at length but did not indicate the weight he was assigning to Dr. Cole's opinion. Tr. 25–26. Although agency reviewing physicians disagreed

Page 5 – OPINION AND ORDER

Dr. Cole's assessment of plaintiff's limitations, they appear to have accepted his objective testing results as valid. The ALJ also appears to have credited the test scores. Finally and significantly, the record contains no competing assessment of IQ. Because the record contains an uncontradicted valid full scale IQ score between 60 and 70, plaintiff meets the first criteria of Paragraph C of Listing 12.05.

Third, plaintiff has a "physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § 404, Subpt. P, App'x 1 (2015). The ALJ identified two severe impairments at step two in additional intellectual disability: anxiety disorder and asthma. This Court previously has concluded that identification of any severe impairment other than intellectual disability at step two satisfies the second requirement of Paragraph C for Listing 12.05. *See Conley v. Colvin*, 274 F. Supp. 3d 1119, 1122 (D. Or. 2017); *McGrew v. Colvin*, 2015 WL 1393291, at *5 (D. Or. Mar. 25, 2015). In this case, it is particularly clear that one of plaintiff's other impairments resulted in a significant, additional work-related limitation of function. The ALJ's conclusion that plaintiff "must avoid even moderate exposure to fumes, odors, dusts, gases, and poorly ventilated areas" is a significant work-related limitation. That limitation plainly relates to plaintiff's asthma, not to her intellectual ability. Tr. 24. Plaintiff therefore satisfies the second requirement of Paragraph C of Listing 12.05. Because it is apparent that plaintiff meets all three requirements of Paragraph C of Listing 12.05, she should have been found disabled at step three of the sequential process.

The Commissioner argues that remand for further proceedings is the appropriate course. I disagree. It is true that there are ambiguities in the record, but those ambiguities do not relate to the criteria necessary to meet Listing 12.05. *Cf. Fischer v. Colvin*, 2016 WL 4803175, at *4 (D. Or. Sept. 13, 2016) (remanding for an immediate award of benefits despite conflicting

evidence in the record because uncontradicted evidence showed that plaintiff was disabled under the Social Security grid rules). Under the circumstances, plaintiff is entitled to an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("[W]here the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits.").

## CONCLUSION

The Commissioner's decision is REVERSED AND REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

Dated this 10th day of August 2018.

_____
Ann Aiken
United States District Judge